U.S. PAPER CONVERTERS, INC., Petitioner-Appellant,

v.

LABOR & INDUSTRY REVIEW COMMISSION and Amy K. Bodoh, Respondents-Respondents.

Court of Appeals

*No. 96–2055. Submitted on briefs January 7, 1997.—Decided February 4, 1997.*

(Also reported in 561 N.W.2d 756.)

On behalf of petitioner-appellant, the cause was submitted on the briefs of *Richard J. Carlson* of *Patterson, Jensen, Wylie, Silton & Siefert, S.C.* of Appleton.

On behalf of respondent Bodoh, there was a brief by *John D. Landre* of Chicago and *Michael J. Bachhuber* of Milwaukee. There was a brief on behalf of LIRC by *James E. Doyle*, attorney general, and *Karen E. Timberlake*, assistant attorney general, of Madison.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J. U.S. Paper Converters, Inc. (USPC), appeals a circuit court order affirming a Labor and Industry Review Commission decision finding that USPC failed to establish that Amy Bodoh did not reasonably mitigate her damages in this employment discrimination case. USPC claims that the circuit court applied an incorrect standard of review to LIRC's decision. In addition, USPC claims that LIRC misapplied the relevant statutory provisions to the facts of the case. We reject these arguments and affirm.

The historical facts as found by LIRC are undisputed on appeal. Bodoh was employed by USPC until August 1990 when she was laid off. Bodoh filed a discrimination complaint claiming her layoff was motivated by her pregnancy. After a hearing, the administrative law judge found that pregnancy was a factor in her termination, and ordered USPC to reinstate her and to pay her all wages and benefits she would have earned absent the layoff, less actual earnings from other employment or amounts earnable with reasonable diligence. USPC does not appeal this finding. However, after the parties could not agree on the amount due Bodoh for lost wages and benefits, a second hearing was held before the ALJ.

At that hearing, USPC claimed that Bodoh failed to reasonably mitigate her damages during the period following her layoff. She had accepted a position with another employer, Hillshire Farms, but was promptly fired for excessive absenteeism. Specifically, USPC claimed Bodoh was terminated for violating Hillshire Farms' rule limiting absences during an employee's probationary period to two, regardless the reasons given for subsequent absences. The record reveals that Bodoh had three absences during her five-week employment with Hillshire Farms: one to help her family prepare for her father's wedding, another to see her father-in-law, who had just suffered a heart attack, and a third due to illness. USPC argued that Bodoh failed to mitigate her damages because accruing three absences, in violation of her employer's rule and causing her termination, was unreasonable.

The ALJ determined that Bodoh, through her conduct, failed to reasonably mitigate her damages within the meaning of § 111.39(4)(c), STATS.,[1] and reduced the amount recoverable from USPC accordingly. LIRC reversed the ALJ, finding that Bodoh had adequately explained her absences and that each absence was reasonable under the circumstances. LIRC thus found that USPC did not meet its burden of proving that Bodoh had failed to exercise reasonable diligence in mitigating her wage loss. USPC appealed to the circuit court, which affirmed LIRC's decision. USPC now appeals to this court.

---

[1] Section 111.39(4)(c), STATS., states in part:

> Back pay liability may not accrue from a date more than two years prior to the filing of the complaint with the department. Interim earnings or amounts earnable with reasonable diligence by the person discriminated against . . . shall operate to reduce backpay otherwise allowable.

In a ch. 227, STATS., appeal, we review the agency's decision and therefore give no deference to the decision of the trial court. *Soo L. R. Co. v. Commissioner of Transp.*, 170 Wis. 2d 543, 549, 489 N.W.2d 672, 674 ( Ct. App. 1992). In this case, LIRC determined that USP C failed to meet its burden of proving that Bodoh did not exercise reasonable diligence in mitigating her damages. Whether a party has met its burden of proof on an issue is a question of law we review de novo, but in doing so we must accept LIRC's view of the credibility of the witnesses unless we can say LIRC was wrong on credibility as a matter of law. *See Seraphine v. Hardiman*, 44 Wis. 2d 60, 65, 170 N.W.2d 739, 742 (1969). In addition, due to LIRC's expertise in interpreting the Wisconsin Fair Employment Act, this court will defer to LIRC's decision in certain circumstances.

The parties dispute the proper amount of deference to be accorded the agency's decision. There are three levels of deference this court may apply to an agency's legal conclusions:

> First, if the administrative agency's experience, technical competence, and specialized knowledge aid the agency in its interpretation and application of the statute, the agency determination is entitled to "great weight." The second level of review provides that if the agency decision is "very nearly" one of first impression it is entitled to "due weight" or "great bearing." The lowest level of review, the *de novo* standard, is applied where it is clear from the lack of agency precedent that the case is one of first impression for the agency and the agency lacks special expertise or experience in determining the question presented.

*Jicha v. DILHR*, 169 Wis. 2d 284, 290-91, 485 N.W.2d 256, 258-59 (1992) (citations omitted). USPC argues that the issue is one of first impression and requests that we review LIRC's decision de novo. Bodoh and LIRC request greater deference.

We conclude that the decision is to be accorded due weight. The parties both concede that the precise issue in this case has not been previously addressed by LIRC. However, our supreme court has held that "[e]ven though an agency may never have interpreted a particular statute against facts of first impression, because the agency has prior experience in interpreting the statute, the agency's decision will be accorded due weight or great bearing." *William Wrigley, Jr. Co. v. DOR*, 160 Wis. 2d 53, 70-71, 465 N.W.2d 800, 806-07 (1991) (citations omitted), *reversed on other grounds, DOR v. William Wrigley, Jr. Co.*, 505 U.S. 214 (1992). We conclude that this is such a case.

Under such a standard, we will affirm the agency's interpretation of a statute if it is reasonable, even if another conclusion would be equally reasonable. *Carrion Corp. v. DOR*, 179 Wis. 2d 254, 265, 507 N.W.2d 356, 359 (Ct. App. 1993). In this case, LIRC determined that USPC failed to meet its burden of proving that Bodoh did not exercise reasonable diligence in mitigating her damages. We conclude that this determination is reasonable.

The WFEA requires back pay awards be reduced by "amounts earnable with reasonable diligence." Section 111.39(4)(c), STATS. The burden of proving a failure of reasonable mitigation is on the employer. *Anderson v. LIRC*, 111 Wis. 2d 245, 255, 330 N.W.2d 594, 599

(1983). It is undisputed that Bodoh's three absences caused Hillshire Farms to terminate her employment. This fact does not equate as a matter of law, however, with failure to mitigate damages within the meaning of the WFEA.

LIRC found that Bodoh was fired solely due to her three absences, one greater than is allowed probationary employees such as Bodoh. It also found that Bodoh's first absence was due to her desire to help prepare for her father's wedding and that Bodoh had notified Hillshire Farms in advance of this absence. LIRC found that Bodoh's second absence was due to her father-in-law's heart attack and that she also notified Hillshire Farms in advance of this absence. Finally, LIRC found that her third absence was due to her own medical condition. Again, LIRC found that Bodoh notified Hillshire Farms in advance of the absence and even offered to provide medical documentation of her condition. Under these circumstances, the conclusion that Bodoh acted with reasonable diligence is reasonable.

USPC asserts that in this case "reasonable diligence" necessarily means "compliance with the reasonable conditions of the [subsequent] employer." In other words, USPC asserts that it is unreasonable for Bodoh to knowingly engage in conduct that will jeopardize her continued employment with Hillshire Farms. While this might constitute a reasonable view of Bodoh's conduct, it is not the view taken by LIRC. We decline to adopt any per se rules regarding what constitutes reasonable diligence within the meaning of § 111.39(4)(c), STATS. To the contrary, what constitutes reasonable diligence is to be determined from all of the circumstances of a given case. This is precisely what LIRC did.

To conclude, LIRC's finding that USPC failed to establish that Bodoh did not exercise reasonable diligence in mitigating her damages is reasonable. Therefore, we affirm the circuit court order affirming LIRC's decision in its entirety. Finally, we deny Bodoh's motion for costs and fees for frivolous appeal under § 809.25(3), STATS. We conclude that USPC presented a good faith argument extension or modification of precedent interpreting the WFEA.

*By the Court.*—Order affirmed.